UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                          )<br>                    Plaintiff,            )<br>                                                          )<br>vs.                                                    )<br>                                                          )<br>JERMAINE SMITH,                     )<br>                                                          )<br>                    Defendant.         )<br>_____ ) | Case No.  2:12-cr-00004-APG-GWF<br><br>**ORDER** |

This matter came before the Court on May 15, 2014, for hearing on the Government's April 30, 2014, for hearing on the Government's Petition for Action on Conditions of Pretrial Release (#406), filed July 30, 2013.  Defendant Jermaine Smith made his Initial Appearance on the Government's petition on April 30, 2014, wherein he was detained pending revocation proceedings under 18 U.S.C. § 3148.  *See* Mins. of Proceedings (#706).

**BACKGROUND**

On July 30, 2013, the undersigned issued an arrest warrant based on allegations in the Government's Petition for Action on Conditions of Pretrial Release.  The petition alleges that Defendant violated his conditions of pretrial release by traveling to a shopping mall on May 10, 2013 and May 13, 2013 without authorization.  It further alleges that on July 30, 2013, at approximately 1:00 a.m. Defendant removed his location monitoring device without authorization.  The device was later found wrapped in aluminum foil.  *See* Order (#407).  Defendant was eventually arrested and made his initial appearance on the petition on April 30, 2014, wherein he was detained pending a revocation hearing pursuant to 18 U.S.C. § 3148 on May 15, 2014.

## DISCUSSION

Defendant was initially released pursuant to 18 U.S.C. § 3142 and placed under Pretrial Services supervision with several conditions. If a condition of pretrial release is violated, a request to revoke release is heard under 18 U.S.C. § 3148, not section 3142. The standards under the two sections are markedly different. *United States v. Gill*, 2008 WL 2120069 (E.D. Cal.). Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 . . . and who has violated a condition of his release, is subject to revocation of release, an order of detention, and a prosecution for contempt of court." *See* 18 U.S.C. § 3148(a). Section 3148 further provides that:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer
>
> (1) finds that there is–
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that–
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b)(1) and (2)

Section 3148 gives the judicial officer a choice between two alternatives. First, if there is probable cause to believe that a defendant has committed a crime while on release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will

not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(1)(A). There is no limitation in section 3148(b) regarding the types of categories of Federal, State, or local crimes that will support an order revoking pretrial release. *United States v. Soria*, 2011 WL 3651272 *6 (D. Nev.) (citation omitted). Although preferable, the failure of the government to identify the specific crimes allegedly committed while on release is not fatal to revocation. *C.f.*, *Soria*, 2011 WL 3651272 *8.

Second, the court may find that there is clear and convincing evidence that the person has violated the terms of release. 18 U.S.C. § 3148(b)(1)(B). If so, the court must determine whether, based on the factors set forth in section 3142(g), "there is no condition or combination of conditions that will assure that the person will not flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(2)(A). Alternatively, if there is clear and convincing evidence of a violation and the court determines that "the person is unlikely to abide by any condition or combination of conditions of release" revocation is appropriate. 18 U.S.C. § 3148(b)(2)(B).

The Petition for Action on Conditions of Release (#406) indicates that revocation proceedings were initiated because Defendant failed to comply with his conditions of release. There is no allegation that he committed a Federal, State, or local crime. Thus, the revocation hearing went forward under the provisions of 18 U.S.C. § 3148(b)(1)(B). There is no dispute that Defendant violated the terms of his release by removing his GPS tracking device and absconding to Jamaica. Having so determined, the Court must determine (1) whether, based on the factors set forth in section 3142(g), there is a condition or combination of conditions that will assure the defendant will not flee and is not a danger to the community or, alternatively, (2) whether the person is unlikely to abide by any condition or combination of conditions. 18 U.S.C 3148 §§ (b)(2)(A) and (b)(2)(B). After review, the Court finds by a preponderance of the evidence that Defendant has demonstrated himself unlikely to abide by any conditions or combination of conditions. Consequently, Defendant's pretrial release is revoked.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Jermaine Smith's pretrial release is **revoked**.

1 **IT IS FURTHER ORDERED** that Defendant Jermaine Smith be **detained** pending trial.

2 DATED: May 22, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**