**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-cr-04-APG-GWF |
| Plaintiff, | |
| v. | **ORDER DENYING MOTIONS TO VACATE OR MODIFY SENTENCE** |
| JERMAINE SMITH, | (ECF Nos. 1188, 1196, 1201, 1286, 1287, 1288, 1297, 1303, 1304, 1305, 1306, 1307, 1308, 1310) |
| Defendant. | |

Defendant Jermaine Smith believes he received an unfair sentence because he should not have qualified for two enhancements used against him, while at the same time he should have qualified for a downward variance that he didn't get. He moves to vacate or modify his sentence under various procedures, including 28 U.S.C. § 2255, 18 USC. § 3582, and Federal Rules of Criminal Procedure 60 and 35.

None of Smith's arguments has merit. Because Smith waited too long to challenge his sentence, he is barred under § 2255 from raising most of his claims. The only potential vehicle still open to him would be a sentence modification under § 3582. That statute allows defendants to seek modification of a sentence when the Sentencing Commission amends the Sentencing Guidelines after a defendant was sentenced. But § 3582 allows for this retroactive modification only in narrow circumstances, none of which is present here. Smith's motions are thus denied.

**Discussion**

**A. Background**

Smith pleaded guilty to participating in a massive credit card racketeering scheme,[1] and on April 9, 2015 he was sentenced to 150 months of imprisonment.[2] He did not appeal. Over a

---

[1] ECF No. 838.

[2] ECF No. 868.

year later, on May 25, 2016, Smith filed a motion to vacate his sentence under § 2255.[3]  Smith

then filed numerous supplements, letters, and more motions to challenge his sentence.[4]  The

government, in turn, filed a motion to dismiss Smith's § 2255 because it was untimely.[5]

Smith's motions primarily raise three arguments: he should not have received an

enhancement under USSG 2B1.1(b)(10), he should not have received an enhancement under

USSG 2B1.1(b)(2), and he should have qualified for a minimal-role downward variance under

USSG 3B1.2.  After Smith filed his array of motions, I appointed him counsel in November 2016.

Counsel then Smith filed a reply to the government's responses.  Smith's reply disputes only one

point: whether he qualifies for a sentence modification under 18 U.SC. § 3582.[6]

**B. Smith's motions to vacate or modify his sentence fail.**

The bulk of Smith's motions fail because he failed to challenge his sentence within one

year of the expiration of the deadline to file his appeal, as required by 28 U.S.C. § 2255.[7]  After a

defendant exhausts his direct appeal, his ability to challenge his sentence is severely limited.

Among other things, § 2255 required that Smith challenge his sentence within one year from the

date that his time to file a direct appeal expired.[8]  Smith's deadline to file his direct appeal expired

---

[3] ECF No. 1188.

[4] ECF Nos. 1201, 1286, 1287, 1288, 1297, 1303, 1304, 1305, 1306, 1307, 1308, 1310.

[5] ECF No. 1196.

[6] ECF No. 1346.

[7] Smith also appears to be foreclosed from challenging his sentence in the first place because he signed a plea agreement waiving his rights to bring this appeal—and courts enforce plea waivers like this.  *United States v. Abarca*, 985 F.2d 1012, 1013–14 (9th Cir. 1993).

[8] *See United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001) (citing Fed. R. App. P. 4); *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

on April 22, 2015.[9]  Because he filed his challenge in May 2016, his motion is untimely.[10]  I thus dismiss Smith's challenges under § 2255.

Although most post-conviction challenges must be brought through § 2255, in narrow circumstances defendants may request a sentence modification under 18 U.SC. § 3582.  That section allows a court to modify a sentence if a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  But the Guidelines clarify that courts should retroactively modify sentences only when a later amendment was directed to certain enumerated sections of the Guidelines.[11]

Smith requests a sentence modification based on two amendments to the guidelines: Amendments 792 and 794.[12]  Amendment 792 relates to Smith's enhancement for committing his offense using "sophisticated means" under USSG § 2B1.1(b)(10).  Amendment 794 relates to the minor-role guideline U.S.S.G. § 3B1.2(b), which allows judges to reduce a sentence when the defendant plays only a minor role in a crime.  Neither of these amendments relates to guideline

---

[9] ECF No. 976; *see also* Fed R. App. Proc. 4(b).

[10] Smith also appears to have conceded that his various § 2255 claims should be dismissed.  In his most recent filing, after he had been appointed counsel, Smith challenges the government's briefing only as to his two requests for a sentence modification under 18 U.SC. § 3582.  He says that he does not address the other issues raised in his § 2255 motions and supplements because he now has a better "understanding" of the issues.

[11] U.S.S.G. 1B1.10; *see also Kandi v. United States,* 2016 WL 6395132, at *2 (W.D. Wash. Oct. 27, 2016).

[12] Smith also challenged his 6-point enhancement based on his crime affecting more than 250 victims.  But Smith is precluded from bringing that challenge because he did not file a timely § 2255 motion, and he does not base this argument on an amendment that might qualify under § 3582.  Finally, the Ninth Circuit has recently rejected this argument on the merits, so it's a loser anyway. *See United States v. Harrison*, 2016 WL 5539866, *1 (9th Cir. Sept. 30, 2016).

Page 3 of 5

sections that are candidates for retroactive modification.[13] Smith's challenge under § 3582 thus fails.

Finally, Smith seeks relief under Fed. R. Crim. P. 60 and 35. But he appears to have abandoned these requests in a later filing.[14] Smith's arguments for relief under these rules were premised on a Ninth Circuit case, and Smith stated in his later filing that if this Ninth Circuit case was overturned (and it was) then his motions were withdrawn.[15] In any event, Smith has not made any showing that relief under these rules would be warranted. Rule 35 required that he file his challenge within 14 days, which he did not do.[16] And Rule 60 is of no help because the Ninth Circuit has held that defendants cannot use it to circumvent § 2255's time-bar.[17] Because all of Smith's challenges to his sentence fail, I deny his motions.[18]

////

////

---

[13] *See* U.S.S.G. § 1B1.10; *Kandi,* 2016 WL 6395132, at *2 (holding that Amendment 792 does not qualify for retroactive application); *United States v. Nunez,* 2017 WL 119169, at *5 (N.D. Cal. Jan. 12, 2017) (same for purposes of Amendment 794). Smith also argues that the government conceded to his requested modification under § 3582 because it did not meaningfully respond to his arguments on this point. I agree that the government failed to exhaustively respond to this argument. But it cited authority and analysis, so it did not concede this argument on the merits under our local rules. And Smith did not provide authority or analysis indicating that he qualified for a § 3582 modification in the first place.

[14] *See* ECF No. 1313.

[15] *Id.*

[16] *See United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011).

[17] *See United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011).

[18] Smith also raises Federal Rule of Criminal Procedure 36, but this Rule allows modification for a clerical error, and there is no evidence of that here.

Page 4 of 5

**C. I decline to grant Smith a certificate of appealability.**

To appeal this order, Smith must receive a certificate of appealability from a circuit or district judge.[19] To obtain this certificate, Smith "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[20] Given the authority holding that Smith is barred from bringing his challenges, I deny his request for a certificate of appealability.

## Conclusion

IT IS THEREFORE ORDERED that Smith's motions **(ECF Nos. 1188, 1201, 1286, 1287, 1288, 1297, 1303, 1304, 1305, 1306, 1307, 1308, 1310) are DENIED**.

IT IS FURTHER ORDERED that Smith's request for a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that the government's motion to dismiss **(ECF. No. 1196) is GRANTED.**

IT IS FURTHER ORDERED that defendant's request for an evidentiary hearing is **DENIED.**

DATED this 6th day of June, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[19] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[20] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).